CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 31 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JO ANNE B. LITTLE, )
 )  Civil Action No. 7:14CV00444
Plaintiff, )
 )
v. )  **MEMORANDUM OPINION**
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )  By:  Hon. Glen E. Conrad
 )       Chief United States District Judge
Defendant. )

The plaintiff, Jo Anne B. Little, has filed this action challenging certain provisions of the final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Plaintiff also challenges the establishment of a period of disability for purposes of her application for supplemental security income benefits as of December 7, 2012, rather than on October 15, 2009, as alleged by plaintiff in her application for benefits. See, gen., 42 U.S.C. § 1381 et seq. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and § 42 U.S.C. § 1383(c)(3).

By order entered September 3, 2014, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On February 16, 2016, the magistrate judge submitted a report in which he recommends that the Commissioner's final decision be affirmed in all respects. Plaintiff has filed objections to the magistrate judge's report.

Mrs. Little was born on December 28, 1958, and eventually completed her high school education. Plaintiff has been employed as a nursing assistant, housekeeper, production line worker, and nurse's aide. Apparently, Mrs. Little last worked on a regular and sustained basis in

2009, though it seems that she engaged in sporadic work activity thereafter. The Administrative Law Judge found that plaintiff's work after her alleged disability onset date was not substantial gainful activity. (TR 14-15).

In June of 2010, Mrs. Little filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on October 1, 2009, due to chronic obstructive pulmonary disease; high blood pressure; back problems; mental problems; fibromyalgia; irritable bowel syndrome; emphysema; nerves; angina; hearing loss; and poor vision. (TR 250). She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Little met the insured status requirements of the Act through the fourth quarter of 2010, but not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Accordingly, Mrs. Little is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2010. See 42 U.S.C. § 423(a).

Plaintiff's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 5, 2013, the Law Judge ruled that Mrs. Little became disabled for all forms of substantial gainful employment on December 7, 2012. (TR 21). In making this determination, the Law Judge explicitly relied on a consultative examination and report completed by Dr. William Humphries. (TR 22). The record reveals that Dr. Humphries first examined Mrs. Little on December 7, 2012, the same day established by the Law Judge as plaintiff's date of disability onset. (TR 855). The Law Judge interpreted a medical source

2

statement provided by Dr. Humphries as indicative of residual functional capacity for less than a full range of sedentary work activity. The Law Judge recognized that, given plaintiff's age, education, and prior work activity, and assuming a residual functional capacity for no more than sedentary exertion, Mrs. Little is disabled for all forms of regular work activity, based both on the testimony of the vocational expert at the administrative hearing, and application of the medical vocational guidelines set forth under Appendix 2 to Subpart P of the Administrative Regulations Part 404. (TR 23-24). However, as to the day prior to Dr. Humphries' medical examination, and as to all relevant times prior thereto, the Law Judge ruled that Mrs. Little remained capable of performing a limited range of light work activity. Given the testimony of the vocational expert, and after considering plaintiff's age, education, and prior work experience, the Law Judge found that plaintiff retained sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy, at all relevant times on and before December 6, 2012. (TR 16, 23).

In terms of plaintiff's concurrent applications for benefits, the Law Judge ultimately concluded that Mrs. Little became disabled for all forms of substantial gainful employment for purposes of her application for supplemental security income benefits as of December 7, 2012. However, based on his finding of residual functional capacity for a limited range of light work roles at all relevant times on and before December 6, 2012, the Law Judge concluded that Mrs. Little was not entitled to supplemental security income benefits during this earlier period, and that she is not entitled to disability insurance benefits, inasmuch as she has failed to establish disability onset on or before December 31, 2010, the last day on which she still enjoyed insured status. See 20 C.F.R. § 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as

3

the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Little has now appealed to this court.

On appeal, plaintiff raises several arguments. Mrs. Little contends that the Administrative Law Judge improperly discounted a medical source statement from a treating physicians assistant, indicating that plaintiff was disabled for all forms of work as early as July 15, 2008. (TR 821-24). Plaintiff also maintains that in formulating hypothetical questions for the vocational expert, the Administrative Law Judge failed to properly account for findings of moderate difficulty in maintaining concentration, persistence, or pace as set forth in a mental health evaluation by a state agency psychologist. (TR 124-25). Mrs. Little also asserts that the Administrative Law Judge failed to properly credit her lay testimony as to the extent of her physical discomfort and debilitating symptoms. However, plaintiff's primary contention on appeal is that the Administrative Law Judge failed to offer any explanation whatsoever for the finding that Mrs. Little suddenly became incapable of more than a limited range of sedentary exertion on December 7, 2012, but that she retained sufficient functional capacity for light exertion at all relevant times on and before December 6, 2012.

The court believes that all of plaintiff's contentions hold arguable merit. The court concludes, however, that it is beyond question that the Law Judge failed to cite any evidence for the remarkable proposition that Mrs. Little could do light work on and before December 6, 2012, but that she suddenly became limited to anything more than a restricted range of sedentary work activity on the very day that she was examined by Dr. Humphries. The court finds "good cause" for remand of this case to the Commissioner for further consideration of the issue of disability

4

onset, in a manner consistent with the rules established by the United States Court of Appeals for the Fourth Circuit.

As previously noted, on September 3, 2014, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. The magistrate judge filed a report on February 16, 2016. As regards the issue of disability onset, the magistrate judge commented as follows:

> There is ample medical evidence to support the ALJ's conclusion that Little was capable of performing a range of light work prior to December 7, 2012, and that Little was limited to performing a range of sedentary work after that date. The ALJ did not "arbitrarily" select an onset date; instead, he considered all of the evidence of record before selecting a date that had a sufficient medical basis, based upon Dr. Humphries' report. Thus, this is not a case where the ALJ arbitrarily chose a disability onset date with no explanation. (citation omitted).

(Report at 10). The difficulty in the magistrate judge's position is that the evidence developed during the period prior to December 7, 2012, is in substantial conflict. Without going into any great detail at this point, the court notes that Dr. Humphries' functional assessment, which the Law Judge accorded "great weight" (TR 22), closely resembles the earlier assessment by Bethany Boring, the physicians assistant, which the Law Judge determined to be worthy of "little weight" and "unsupported by the medical evidence of record as a whole." (TR 20). In any event, it seems to the court that the magistrate judge has read more into the Law Judge's opinion than can actually be found. Stated simply, the Administrative Law Judge cited no evidence, medical opinion, or reasoning whatsoever in support of the notion that Mrs. Little could do light work on December 6, 2012, but had become disabled for anything more than a limited range of sedentary work by the time she was seen by Dr. Humphries the following day.

The United States Court of Appeals for the Fourth Circuit addressed a similar issue in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995). In Bailey, the Fourth Circuit interpreted Social Security Ruling 83-20 so as to conclude that, if the evidence of disability onset is ambiguous, the Commissioner should receive assistance from a medical advisor in order to properly assess and determine the date of disability onset. The Fourth Circuit reasoned that an Administrative Law Judge does not possess the discretion necessary to establish a disability onset date without substantial evidence in the form of some medical opinion or testimony. Id. at 79-80. Stated differently, a medical source is better placed to engage in such "educated guesswork" than is the Administrative Law Judge. The Bailey Court went on to explain as follows:

> The requirement that, in all but the most plain cases, a medical advisor be consulted prior to inferring an onset date is merely a variation on the most pervasive theme in administrative law—that substantial evidence support an agency's decisions. See Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir.1994) ("The Secretary's [now Commissioner's] decision should be affirmed where supported by substantial evidence and not arbitrary, capricious, or otherwise contrary to law.") (internal quotation marks, ellipses, and citation omitted).

After a de novo review of the record, the court is constrained to conclude that certain of plaintiff's objections to the magistrate judge's report must be sustained. The court is unable to discern any reason for the Law Judge to conclude that Mrs. Little became disabled on December 7, 2012, and not earlier. Accordingly, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration as set forth above. See 42 U.S.C. § 405(g). If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, as supplemented by input from a medical advisor, the Commissioner will

conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 31st day of March, 2016.

                                                     /s/ Jon Conrad
                                       Chief United States District Judge